90 So.2d 243

C. Bryan REDMOND, d/b/a Redmond Motors,

v.

W. W. SELF.

6 Div. 723.

Supreme Court of Alabama.

Nov. 1, 1956.

mond Motors, for personal injuries and damage to his automobile suffered in the collision which precipitated the litigation in Redmond v. Self, 6 Div. 724, ante, p. 155, 90 So.2d 238.

■ In appealing from that judgment Redmond complains, as he did in 6 Div. 724, that the trial court erred in failing to give the general affirmative charge in his favor and in overruling those grounds of the motion for a new trial which take the point that the verdict is contrary to the great weight of the evidence. The cases were not consolidated for trial but were tried before separate juries. However, the pleadings and the evidence on the two trials were practically the same and we see no occasion to restate here what we have said in 6 Div. 724 as to the sufficiency of the evidence. We hold that the evidence was sufficient to go to the jury and to sustain the verdict.

■ In this case the appellant, Redmond, complains of the action of the trial court in refusing to give his written charges Nos. 3, 7 and 8. Aside from the fact that these charges might well have been refused on the ground that they are misleading, we are convinced that the rules of law expressed therein were substantially and fairly given to the jury in the court's general charge and in written charges 5 and 6, given at the request of the appellant. § 273, Title 7, Code 1940.

The judgment of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and SPANN, JJ., concur.

Bowers, Dixon, Dunn & McDowell and Evans Dunn, Birmingham, for appellant.

Gibson, Hewitt & Gibson, Birmingham, for appellee.

LAWSON, Justice.

In this cause W. W. Self recovered a judgment in the amount of $1,500 against C. Bryan Redmond, doing business as Red-